**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MACK TIGGART,

Petitioner,                                          Case No. 2:10-CV-13816
                                                     HONORABLE MARIANNE O. BATTANI
v.                                                   UNITED STATES DISTRICT JUDGE

JEFFERY WOODS,

      Respondent,

_____/

## ORDER DENYING IN PART THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT AND TRANSFERRING THE RULE 60(b)(d)(1) MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

Before the Court is petitioner's Rule 60(b)(6)(d)(1) motion for relief from judgment. For the reasons that follow, the Court will deny in part the Rule 60(b) motion for relief from judgment. The Court will further order the Clerk of the Court to transfer the Rule 60(b) motion for relief from judgment to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

### II. Background

Petitioner filed a petition for a writ of habeas corpus challenging his 1990 conviction out of the Wayne County Circuit Court for first-degree felony murder and felony-firearm. The petition was denied on the merits. See Tiggart v. Robinson, U.S.D.C. No. 99-CV-40307 (E.D. Mich. September 25, 2000)(Gadola,

1

J.); aff'd 36 Fed. Appx. 750 (6th Cir. 2002); cert. den. 537 U.S. 849 (2002).

Petitioner was subsequently denied permission to file a second or successive

petition for writ of habeas corpus by the Sixth Circuit. See In Re Tiggart, U.S.C.A.

No. 09-2321 (6th Cir. September 14, 2010).  In 2010, petitioner filed a second

petition for writ of habeas corpus, which this Court transferred to the Sixth Circuit

Court of Appeals for authorization to file a successive petition. Tiggart v. Howes,

2:10-CV-13816 (E.D. Mich. October 6, 2010).  The Sixth Circuit denied petitioner

permission to file a second petition. See In Re Tiggart, No. 10-2314 (6th Cir.

August 11, 2011).

      Petitioner has filed a motion for relief from judgment pursuant to Fed. R.

Civ. P. 60(b).  In his motion for relief from judgment, petitioner claims that he filed

a motion for a Daubert hearing and for the appointment of counsel in the Wayne

County Circuit Court.  The petitioner sought a hearing in the Wayne County

Circuit Court to challenge the testimony of the firearms and ballistics expert who

testified at his trial on the ground that the expert's testimony was scientifically

unsound and unreliable.  The state court judge denied the motion.  In his motion

for relief from judgment, petitioner asks this Court to conduct a hearing on his

claim and determine that the firearms expert's testimony did not pass muster

under F.R.E. 702 and United States Supreme Court case of Daubert v. Merrell

Dow Pharm., Inc., 509 U.S. 579 (1993).

### III.  Discussion

As an initial matter, petitioner is unable to file a motion for relief from

judgment under Fed. R. Civ. P. 60(b) as an independent action to challenge his

state court convictions.  Where a state prisoner is challenging the very fact or

duration of his physical imprisonment and the relief that he seeks is a

determination that he is entitled to immediate release or a speedier release from

that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A Rule 60(b) motion for relief

from judgment is not an appropriate vehicle for a habeas petitioner to attempt to

have his criminal conviction set aside. See United States v. Pope, 124 Fed. Appx.

680, 682 (2nd Cir. 2005).  Although a Rule 60(b) motion may be used "to set aside

a habeas denial" in certain limited circumstances, such a motion "does not itself

seek habeas relief." Id. (quoting Harris v. United States, 367 F. 3d 74, 80 (2nd Cir.

2004)).  A review of petitioner's motion for relief from judgment shows that he is

challenging the validity of his state court criminal convictions and that he seeks to

have these convictions vacated or set aside.  Petitioner's sole federal remedy to

challenge his state court convictions would be by filing a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.

Secondly, to the extent that petitioner is challenging in his motion for relief

from judgment the Sixth Circuit's prior decisions to deny him permission to file a

successive petition for writ of habeas corpus, he is not entitled to relief from

3

judgment.  A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. See White v. Carter, 27 Fed. Appx. 312, 313-14 (6th Cir. 2001).

To the extent that petitioner has new evidence in support of his claims that was not previously available, he must nonetheless obtain permission from the Sixth Circuit before he can obtain habeas relief on the basis of this new evidence.

28 U.S.C. § 2244(b)(3)(A) prohibits a habeas petitioner from filing a second or successive habeas petition in a federal district court, in the absence of an order from the appropriate court of appeals authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A); In re Wilson, 142 F. 3d 939, 940 (6th Cir. 1998).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. See In Re Sims, 111 F. 3d 45, 47 (6th Cir. 1997).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an

4

alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id., at 532.  A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id., at 532, n. 4.

In the present case, petitioner seeks a hearing before this Court to challenge the reliability of the firearms and ballistics expert who testified against him in his state court prosecution.  A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." In Re Abdur'Rahman, 392 F.3d 174, 181 (6th Cir. 2004) (citing Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003)).  In this case, regardless of how plaintiff characterizes his action, he is clearly attempting to challenge the constitutionality of his convictions.

5

Petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if the entire petition had been dismissed without prejudice on exhaustion grounds, See Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was adjudicated on the merits.  The current motion for relief from judgment constitutes a successive petition for which petitioner is required to obtain a certificate of authorization from the Sixth Circuit.

The current motion is therefore a second or successive petition for habeas relief.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945 F. Supp. 145, 146 (E.D. Mich. 1996).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. See In Re McDonald, 514 F. 3d 539, 543-44 (6th Cir. 2008).

6

## IV.  Conclusion

Based on the foregoing, the Court will deny in part the motion for relief from judgment [Dkt. # 8].

The court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. # 8] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

**S/Marianne O. Battani**
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

**Dated:** May 28, 2014

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via ordinary U.S. Mail and/or electronically.

s/Bernadette M. Thebolt
Case Manager

7