**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MACK TIGGART,

Petitioner,                                          Case No. 2:10-CV-13816
                                                     HONORABLE MARIANNE O. BATTANI
v.                                                   UNITED STATES DISTRICT JUDGE

JEFFERY WOODS,

     Respondent,

_____/

**ORDER TRANSFERRING THE COMPLAINT FOR CONSTITUTIONAL**
**CHALLENGE TO A STATE STATUTE MCL 750.316 [Dkt. # 11] TO THE**
**COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

## I. Introduction

Before the Court is petitioner's "Complaint for Constitutional Challenge to A

State Statute MCL 750.316."  Because petitioner is challenging the

constitutionality of his criminal conviction, this Court construes this complaint as a

petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [1]  For the

reasons that follow, the Court orders the Clerk of the Court to transfer the

complaint to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

---

[1] 28 U.S.C. § 2254 is "the exclusive vehicle" for prisoners who are in custody pursuant to a state
court judgment who wish to challenge anything affecting the legality of that custody. See Greene v.
Tennessee Dep't of Corr., 265 F. 3d 369, 371 (6th Cir. 2001).  Because petitioner is requesting immediate
release from his conviction, this Court should construe his action as a petition for writ of habeas corpus
brought pursuant to 28 U.S.C. § 2254. See e.g. Simpson v. Caruso, 355 Fed. Appx. 927, 930 (6th Cir.
2009).

## II. Background

Petitioner filed a petition for a writ of habeas corpus challenging his 1990 conviction out of the Wayne County Circuit Court for first-degree felony murder and felony-firearm.  The petition was denied on the merits. See Tiggart v. Robinson, U.S.D.C. No. 99-CV-40307 (E.D. Mich. September 25, 2000)(Gadola, J.); aff'd 36 Fed. Appx. 750 (6th Cir. 2002); cert. den. 537 U.S. 849 (2002).

Petitioner was subsequently denied permission to file a second or successive petition for writ of habeas corpus by the Sixth Circuit. See In Re Tiggart, U.S.C.A. No. 09-2321 (6th Cir. September 14, 2010).

In 2010, petitioner filed a second petition for writ of habeas corpus, which this Court transferred to the Sixth Circuit Court of Appeals for authorization to file a successive petition. Tiggart v. Howes, 2:10-CV-13816 (E.D. Mich. October 6, 2010).  The Sixth Circuit denied petitioner permission to file a second petition. See In Re Tiggart, No. 10-2314 (6th Cir. August 11, 2011).

In 2014, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).  On May 28, 2014, the Court denied the motion in part and transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition.  The Sixth Circuit denied petitioner permission to file a successive petition. See In Re Tiggart, No. 14-1686 (6th Cir. November 3, 2014).

### III.  Discussion

28 U.S.C. § 2244(b)(3)(A) prohibits a habeas petitioner from filing a second or successive habeas petition in a federal district court, in the absence of an order from the appropriate court of appeals authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A); In re Wilson, 142 F. 3d 939, 940 (6th Cir. 1998).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. See In Re Sims, 111 F. 3d 45, 47 (6th Cir. 1997).

Petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if the entire petition had been dismissed without prejudice on exhaustion grounds, See Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's first habeas petition was adjudicated on the merits.  The current complaint constitutes a successive petition for which petitioner is required to obtain a certificate of authorization from the Sixth Circuit.

Accordingly, the Clerk of Court is ordered to transfer the complaint to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich.

2009).  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue <u>sua sponte</u> because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See <u>Williams v. Stegall</u>, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

## IV.  Conclusion

The Court **ORDERS** the Clerk of the Court to transfer the "Complaint for Constitutional Challenge to A State Statute MCL 750.316"[Dkt. # 11] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and <u>In Re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997).

Date:   April 22, 2015

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 22, 2015.

s/ Kay Doaks
Case Manager