UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK TIGGART,

Petitioner,

v.

CARMEN PALMER,

    Respondent,
_____/

Case No. 2:10-CV-13816
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

# OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, and (2) TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT [Dkt. # 15] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

## I. Introduction

Before the Court is petitioner's Rule 60(b)(6)(d)(1) motion for relief from judgment. For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court transfers the Rule 60(b) motion to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## II. Background

Petitioner filed a petition for a writ of habeas corpus challenging his 1990 conviction out of the Wayne County Circuit Court for first-degree felony murder and felony-firearm, which was denied on the merits. See Tiggart v. Robinson, U.S.D.C. No. 99-CV-40307 (E.D. Mich. Sept. 25, 2000)(Gadola, J.); aff'd 36 F.

1

App'x. 750 (6th Cir. 2002); cert. den. 537 U.S. 849 (2002).

Petitioner was later denied permission to file a second or successive petition for writ of habeas corpus by the Sixth Circuit. See In Re Tiggart, U.S.C.A. No. 09-2321 (6th Cir. Sept. 14, 2010).

In 2010, petitioner filed a second petition for writ of habeas corpus, which this Court transferred to the Sixth Circuit Court of Appeals for authorization to file a successive petition. Tiggart v. Howes, 2:10-CV-13816 (E.D. Mich. Oct. 6, 2010). The Sixth Circuit denied petitioner permission to file a second petition. See In Re Tiggart, No. 10-2314 (6th Cir. Aug.11, 2011).

In 2014, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). On May 28, 2014, the Court denied the motion in part and transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for a determination of whether petitioner should be permitted to file a successive habeas petition. Tiggart v. Howes, 2:10-CV-13816 (E.D. Mich. May 28, 2014). The Sixth Circuit denied petitioner permission to file a successive petition. See In Re Tiggart, No. 14-1686 (6th Cir. Nov. 3, 2014).

Petitioner filed a complaint for a constitutional challenge to his conviction, which this Court construed as a successive habeas petition and ordered transferred to the Sixth Circuit. Tiggart v. Howes, 2:10-CV-13816 (E.D. Mich. Apr. 22, 2015). The Sixth Circuit denied petitioner permission to file a successive habeas petition. In Re Tiggart, No. 15-1475 (6th Cir. Jan. 20, 2016).

Petitioner has filed another Rule 60(b) motion for relief from judgment, in which he again challenges the constitutionality of his conviction.

### III.  Discussion

Petitioner seeks to reopen his case and vacate the original judgment.  The Court directs the Clerk of the Court to reopen the case to the Court's active docket for the purpose of facilitating the adjudication of petitioner's Rule 60 (b) motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. Id. at 971; See also In Re Sims, 111 F.

3

3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. Felker v. Turpin, 518 U.S. 651, 664 (1996).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id., at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id., at 532, n. 4.

Petitioner by his own admission challenges the constitutionality of his

4

felony murder conviction in his current Rule 60(b) motion.  A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." In Re Abdur'Rahman, 392 F.3d 174, 181 (6th Cir. 2004) (citing Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003)).  In this case, regardless of how petitioner characterizes his action, he is clearly attempting to challenge the constitutionality of his convictions.  The current motion for relief from judgment constitutes a successive petition for which petitioner is required to obtain a certificate of authorization from the Sixth Circuit.

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## IV.  ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 15] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

Date:   September 14, 2017              s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 14, 2017.

                                                s/ Kay Doaks
                                                Case Manager